UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FERNANDO SANCHEZ-
SEQUERA,

      Petitioner,

    v.                          Case No.:  2:26-cv-01369-SPC-DNF

GARRETT RIPA *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Daniel Fernando Sanchez-Sequera's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Sanchez-Sequera's reply (Doc. 11). For the below reasons, the Court grants the petition.

Sanchez-Sequera is a citizen of Venezuela who entered the United States on a tourist visa in 2014. An immigration judge ordered him removed to Venezuela on July 25, 2016. Sanchez-Sequera appealed, and on remand, an immigration judge ordered him removed to Costa Rica. Costa Rica refused to accept Sanchez-Sequera, and the immigration court reopened the removal case. Ultimately, the immigration court deferred removal to Venezuela under the Convention Against Torture, and Immigration and Customs Enforcement ("ICE") released Sanchez-Sequera under an order of supervision on November 7, 2018.

On February 12, 2026, ICE decided internally that it could detain Sanchez-Sequera to attempt removal to a third country. On March 17, 2026, Florida Highway Patrol knocked on Sanchez-Sequera's door and claimed he had been involved in a hit-and-run. After confirming he was not a suspect, Highway Patrol detained Sanchez-Sequera and took him to an ICE office, where ICE arrested him.

Sanchez-Sequera claims he did not receive notice of the reason for his arrest or an opportunity to contest it. He asserts his detention without due process violates the Fifth Amendment, the regulations governing revocation of release, and the Administrative Procedures Act. He also claims his arrest violated the Fourth Amendment. In response, the government certifies that ICE is detaining Sanchez-Sequera under 8 U.S.C. § 1225(b)(2)(A), which mandates detention of "applicants for admission" who are "seeking admission[.]" § 1225(b)(2)(A) clearly does not apply here. *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026).

The government does not claim ICE is detaining Sanchez-Sequera under 8 U.S.C. § 1231, which authorizes detention after a noncitizen has been ordered removed. Nor does the government's response meaningfully address the crux of Sanchez-Sequera's claims—that he did not receive notice of the reason for his detention or an opportunity to contest it.

While the government's response is largely nonresponsive to Sanchez-Sequera's claims, the attached exhibits provide some relevant information. In a Notice of Revocation of Release dated March 18, 2026, Assistant ICE Field Office Director Norman Bradley notified Sanchez-Sequera his order of supervision was revoked under 8 C.F.R. § 241.4(l) because "Your conduct, or any other circumstance, indicates that release would no longer be appropriate." (Doc. 8-7 at 1). What does that mean? It mirrors language in § 241.4(l)(2)(iv), but it did not give Sanchez-Sequera notice "of the reasons for revocation of his or her release or parole" as required by the regulation. 8 C.F.R. § 241.4(l)(1). Even now, the government has not identified what specific conduct or other circumstance justified revocation of the order of supervision. Thus, ICE did not comply with the notice requirement of § 241.4(l)(1).

§ 241.4(l)(1) also requires ICE to conduct an informal interview: "The alien will be afforded an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." Sanchez-Sequera's petition claims ICE did not conduct an informal interview, and the government's response does not address that claim at all. The only indication an interview might have occurred is a partially completed Alien Informal Interview form. Deportation Officer Richmond Soriano signed and dated it, but he did not indicate whether Sanchez-Sequera provided a statement or any documents. In

his reply, Sanchez-Sequera reasserts that he did not receive an interview to contest the reasons for revocation of release. Even assuming officer Soriano interviewed Sanchez-Sequera on March 18, 2026, such an interview could not have served its intended purpose "to afford [Sanchez-Sequera] an opportunity to respond to the reasons for revocation" because ICE still has not identified the reasons for revoking release. 8 C.F.R. § 241.4(l)(1).

The government has bungled this case from the beginning. It decided to detain Sanchez-Sequera through an internal conversation, and it did not notify him of the reason for his detention on March 18, 2026, or any time thereafter. Because Sanchez-Sequera has not received notice of the reason for revocation, he has had no meaningful opportunity to contest it. And when ordered to show cause why Sanchez-Sequera's habeas petition should not be granted, the government cited detention authority that obviously does not apply here, made irrelevant legal arguments, and failed to address the petition's key factual allegations. More to the point, ICE did not meaningfully follow § 241.4(l), which establishes the process due in this situation, and thereby violated Sanchez-Sequera's right to due process. *See Zhu v. Genalo*, 798 F. Supp. 3d 400 (S.D.N.Y. 2025) (collecting cases that reach the same conclusion based on similar facts). Accordingly, it is hereby

**ORDERED:**

Daniel Fernando Sanchez-Sequera Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Sanchez-Sequera within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record